IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EUGENE PERRARD, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. H-04-4265 |
| § | |
| FLUOR ENTERPRISES, INC., § | |
| § | |
| Defendant. § | |

**MEMORANDUM AND OPINION**

Plaintiff, Eugene Perrard, moves for reconsideration of, and relief from, this court's grant of summary judgment dismissing his reinstatement claim under the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq.* Defendant, Fluor Enterprises, Inc., terminated Perrard's employment when he returned from medical leave. In this lawsuit, Perrard claims that his termination violated the FMLA and that he was entitled either to a project assignment or to a leave of absence awaiting assignment. This court previously found that Fluor terminated Perrard's job as part of a legitimate reduction-in-force and that he had failed to raise a fact issue as to whether Fluor violated the FMLA. This court now denies Perrard's motion for reconsideration and relief from judgment, (Docket Entry No. 40), for the reasons set out below.

**I.     Background**

The factual background is only briefly restated here.  Perrard worked for Fluor in the Control Systems Department ("CSD"), which designs and develops equipment systems for refineries and chemical plants.  From 1995 to 2002, Perrard was the manager of the CSD design group.  In the summer of 2002, the CSD experienced a downturn that led to a reduction-in-force, which continued into 2003.  Between August 2002 and November 2003, Fluor laid off forty-nine employees in the reduction-in-force, twenty-two designers and twenty-seven engineers.

In August 2002, Perrard voluntarily relinquished the design group manager position to become a designer, but maintained his salary.  (Docket Entry No. 21, p. 10). After he relinquished the manager position, Perrard was assigned work on a project-to-project basis, like other designers.  In November 2002, Perrard was assigned to work on the Citgo COP project, which had a completion date of April 2003.  On March 22, 2003, Perrard suffered a back injury.  He requested and received leave under the FMLA. Perrard was on FMLA leave from March 25, 2003 to May 27, 2003.  During those two months, Fluor laid off twelve CSD employees as part of the reduction-in-force. (Docket Entry No. 21, Ex. D).

The Citgo COP project was completed in April 2003, as scheduled.  Joe McKinney, the design group manager, told Perrard several times that he would probably not have a job when he returned from his FMLA leave.  (Docket Entry No. 21, Ex. A, pp.110-14; Ex. B, p. 140).  On May 19, 2003, Perrard sent an e-mail to Fluor's chief

executive officer, Alan Boeckmann, asking for continued health insurance and the cash value of his accumulated sick leave. On May 23, 2003, Steve Gilbert, a vice-president of human resources, responded to Perrard's e-mail, stating: "upon your release from current disability leave, unfortunately a separation as a retirement in lieu of layoff will more than likely transpire." Gilbert explained that Fluor did not make sick leave available for cash-out or for use once an employee no longer worked at Fluor, and that insurance coverage did not extend to employees after retirement. (Docket Entry No. 21, Ex. T). When Perrard came back to work on May 27, 2003, he was told that there were no positions available and that he could choose between retirement or layoff.

Perrard filed this suit under the job reinstatement provision of the FMLA; he did not allege discrimination or retaliation. Fluor moved for summary judgment, asserting that Perrard's job had been eliminated in the reduction-in-force and that he consequently had no right to reinstatement under the FMLA. Perrard did not dispute that there had been a reduction-in-force, but argued that there were disputed fact issues material to determining whether his job was eliminated during the reduction-in-force and when that occurred. Perrard also argued that even if his job was eliminated as part of the reduction-in-force during the time he was on FMLA leave, the FMLA secured his right to return to an "equivalent position" with equivalent benefits.[1] Perrard argued that he was entitled to

---

[1] The FMLA provides that eligible employees are entitled:

> (A) to be restored by the employer to the position of employment held by the employee when the leave commenced, or,

one of five open assignments, all "equivalent positions," or leave of absence until an equivalent position became available. Perrard asserted that such a leave of absence was a benefit of his employment.

Fluor presented undisputed summary judgment evidence of a company-wide reduction-in-force when Perrard was terminated; that Perrard knew he would probably not have a job when he returned from leave; and that Perrard was terminated as part of the reduction-in-force. (Docket Entry Nos. 21, 27). This court granted Flour's motion for summary judgment, finding that there was no FMLA right to an equivalent job that applied after Perrard's job termination in the reduction-in-force, and no FMLA violation based on a company policy guaranteeing a leave of absence until a equivalent position became available.

## II.   The Motion to Reconsider

Perrard raises three issues: (1) that contrary to this court's opinion, Fluor's leave of absence policy is not granted only to those with specialized skills; (2) that this court did not decide whether the five open positions were or were not equivalent to Perrard's

---

> (B) to be restored to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment.

29 U.S.C. § 2614(a)(1). 29 U.S.C. § 2611 defines employment benefits as follows:

> The term "employment benefits" means all benefits provided or made available to employees by an employer, including group life insurance, health insurance, disability insurance, sick leave, annual leave, educational benefits, and pensions, regardless of whether such benefits are provided by a practice or written policy of an employer or through an "employee benefit plan."

previous position; and (3) that this court erred in considering the evidence that other employees were laid off during the reduction-in-force. (Docket Entry No. 40).

This court found that the evidence did not raise a fact issue as to Perrard's inclusion in the reduction-in-force. The right of reinstatement is not absolute. In the context of a reduction-in-force, the antecedent issue is whether the employee would have a job had he not taken FMLA leave. *See Kohls v. Beverly Enters. Wisconsin, Inc.*, 259 F.3d 799, 805 (7th Cir.2001)(employer may show that the employee would not have been entitled to his position even if he had not taken leave). Perrard appears to argue that there is a fact issue as to whether he would have been placed on a leave of absence if he had not been on FMLA leave. Even if Perrard had not taken FMLA leave and had been at Fluor during the reduction-in-force, the evidence is undisputed he would have lost his job in that reduction-in-force. Under the company's policy, Perrard would have had only the ability to ask for a leave of absence until another position became available, rather than be laid off. Under the policy, the decision to grant such a leave of absence was discretionary, and was usually granted only to employees with specialized skills, who Fluor intended to use on projects in the near future. Perrard did request such a leave of absence when he returned to Fluor; the request was denied.

Perrard argues that contrary to statements in this court's prior opinion, Fluor did grant leave to employees without specialized skills, and that he should have been given a leave of absence. During his deposition, Perrard acknowledged that having a "special or unique or peculiar skill that's highly valued to the organization . . . would increase the

likelihood that they would be put on leave." (Docket Entry 21, Ex. A, pp. 142-43). Perrard also acknowledged that the policy was intended for employees who Fluor intended to assign to protects in the near future. (*Id.*). Fluor's leave of absence policy was, by its plain language, discretionary.[2] Perrard does not dispute this fact. Perrard's argument that in the past, Fluor had applied the leave-of-absence policy more generously does not create a fact issue as to whether Perrard had an FMLA entitlement to a leave of absence when his FMLA leave ended and his job was terminated. "[A] voluntary adoption of an employment policy . . . does not expand the scope of legally enforceable employment protection." *O'Connor v. PCA Family Health Plan, Inc.*, 200 F.3d 1349, 1354 (11th Cir. 2000); *Lempres v. CBS Inc.*, 916 F. Supp. 15 (D.D.C. 1996)(employee returning from FMLA leave was not entitled to assurance of a permanent job when such assurance was not available to her before she took leave). Perrard's reliance on the discretionary leave of absence policy does not raise a fact issue, given the undisputed evidence of the economic downturn at Fluor that began before Perrard took leave and the fact that Fluor told Perrard, while he was on leave, that he would not have a job when he returned. Fluor did not violate the FMLA by denying Perrard the benefit of the discretionary leave of absence policy and deciding instead to end his employment.

---

[2] The policy states in relevant part:

> Leaves in lieu of layoff/job availability leave must be approved by the employee's cost center manager and vice president, Human Resources or designee and will only be granted if the company expects the employee to return to work when the workload increases.

(Docket Entry No. 21, Ex. W, p.2).

Perrard asks this court to decide whether the five open designer assignments were "equivalent positions" under the FMLA.[3]  As this court noted in the opinion granting the summary judgment motion, Perrard did not controvert Fluor's evidence that two of the five positions required computer proficiencies that Perrard did not have; all five positions were awarded to employees with significantly lower salaries than Perrard was paid; and the positions were not available for immediate assignment when Perrard returned from his FMLA leave.  Because of the projects' timing, Perrard likely would have had to seek a leave of absence awaiting assignment.  These undisputed facts cut against any finding of "equivalence."  Moreover, Perrard has not presented facts that would permit a finding of "entitlement" under the FMLA, even assuming that the jobs were equivalent.  As a project designer, Perrard worked on a project-to-project basis and had no guarantee that he would be assigned to designer positions.  Before taking FMLA leave, Perrard's job was on the Citgo project.  That project ended while Perrard was on FMLA leave. Because of the project-based nature of Fluor's business and the way in which it staffs projects, Perrard's continued employment as a designer – unlike his former manager position – depended on an available position in a project for which he was both qualified

---

[3] An "equivalent position" is defined as:

> One that is virtually identical to the employee's former position in terms of pay, benefits and working conditions, including privileges, prerequisites and status.  It must involve the same or substantially similar duties and responsibilities, which must entail substantively equivalent skill, effort, responsibility, and authority.

29 C.F.R. § 825.215(a)

and assigned. Perrard's argument that he was entitled to assignment to another project as an "equivalent position" asks for an assignment that the undisputed facts show he had not received before his FMLA leave and would not have received had he not been on leave. Perrard asks this court to treat his case as if the Citgo project had continued after his FMLA leave and he had sought reinstatement to his job on that project. The facts do not support Perrard's argument. Guaranteed assignment to another designer job on a different project was not an entitlement of Perrard's employment before he took FMLA leave.

As noted, Perrard's job was terminated because of the ongoing reduction-in-force. An employee's FMLA rights "cease at the time the employee is laid off." This includes an employee's right to an equivalent position under 29 U.S.C. § 2614(a)(1)(B). An employer can refuse to restore an employee to his former position when restoration would confer a "right, benefit, or position of employment" that the employee would not have been entitled to if he had never left the workplace. 29 U.S.C. § 2614(a)(3)(B). The regulations explain that if an employee is hired for a discrete project that was completed while the employee was on leave, the employer has no obligation to restore the employee to his former position. 29 C.F.R. § 825.216(b).[4]

---

[4] The regulations state:

> If an employee is laid off during the course of taking FMLA leave and employment is terminated, the employer's responsibility to . . . restore the employee cease[s] at the time the employee is laid off, provided the employer has no continuing obligations under a collective bargaining agreement or otherwise.

Perrard relies on the fact that other designers were assigned work when he returned from FMLA leave and that his job was not officially terminated until the end of his leave. As explained in this court's opinion, when a position has simply been filled by another employee, the leave-taking employee is entitled to return to his previous position or an equivalent position. *Hunt v. Rapides Healthcare Sys., LLC,* 277 F.3d 757, 766 (5th Cir. 2001) (citing 29 C.F.R. 825.216(a)(2)). The undisputed evidence is that Fluor was eliminating positions and laying off the employees, including Perrard, who filled those positions.

Perrard takes the position that because he was still a full-time employee at the end of his FMLA leave and there was still designer work to be done, he was entitled to the "equivalent" design work on upcoming projects. This argument misconstrues the "equivalent" position entitlement and the nature of Perrard's employment. Restoration rights under the FMLA, including the right to an "equivalent" position, assume that the employee was not terminated. Because of the contract-driven nature of Fluor's business, there was no "former position" to which Perrard was entitled to return. Future job assignments that might later provide an "equivalent" position were uncertain and contingent on a number of factors. A future equivalent position to which Perrard asserts entitlement depended on a number of factors, including the work available and the manager's discretion as to which designers to assign, which in turn balanced the client's requests for specialized skills against assigning lower-paid designers capable of doing the

---

29 C.F.R. § 825.216(a)(1).

work. The designers who were assigned to projects that later became available were designers paid far less than Perrard, whose jobs were not eliminated in the reduction-in-force.

During his FMLA leave, Fluor decided that Perrard would not be assigned to projects because of the economic downturn. Fluor retained Perrard's status as a full-time employee during the full period of his FMLA leave. The record shows that the decision to eliminate Perrard's position and not reassign Perrard to future projects was due to the reduction-in-force. Perrard was informed of these decisions during his leave. *See, e.g.*, *Conoshenti v. Public Serv. Elec. & Gas Co.*, 364 F.3d 135, 141 (3rd Cir. 2004) ("If an employee is discharged during or at the end of a protected leave for a reason unrelated to the leave, there is no right to reinstatement."); *Kohls*, 259 F.3d at 804. Perrard has not raised a fact issue as to whether he was entitled to assignment on one of the five open projects.

Perrard finally argues that it was error for this court to consider that other employees were laid off during the reduction-in-force. Perrard cites to the general rule that in entitlement cases under the FMLA, the employer's treatment of other employees is irrelevant. The rule is primarily used to distinguish the analytical focus in entitlement claims from discrimination claims. Under the FMLA, an employee need not show that he was treated less favorably than other employees, just that he was denied statutory entitlements. *See e.g., Diaz v. Fort Wayne Foundry Corp.,* 131 F.3d 711 (7th Cir. 1997) ("A firm may treat all employees equally poorly without discriminating. A statute such as

the FMLA, however, creates substantive rights. . . . [W]hen one employee sues, the firm may not defend by saying that it treated all employees identically."). This court examined Fluor's treatment of other employees only to decide whether Perrard had lost his job in a reduction-in-force, which is relevant to deciding whether an entitlement cause of action can be asserted. The case law, the FMLA, and the regulations make it clear that an employee who is laid off because of a legitimate reduction-in-force cannot claim entitlements under the FMLA. *See, e.g., Taylor v. Union Inst.*, 30 Fed. Appx. 443, 452 (6th Cir. 2002); *O'Connor*, 200 F.3d at 1354; *Ilhardt v. Sara Lee Corp.*, 118 F.3d 1151, 1157 (7th Cir. 1997) ("The unrefuted evidence clearly shows, however, that [plaintiff's] position was eliminated as part of the [reduction-in-force] . . . . Thus, under the FMLA, [the employer] had no obligation to offer her reinstatement."). The FMLA does not immunize an employee from layoffs. In the three arguments asserted in his motion, Perrard has not identified a basis for reconsideration.

**III.    Conclusion**

Perrard's motion for reconsideration of this court's order granting Fluor's summary judgment, and for relief from judgment, is denied.

SIGNED on May 9, 2005, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge